# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | | |
|---|---|---|---|
| **TERRY EDWARD ELLISON,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **No.** | **3:19-CV-182-PLR-DCP** |
| | ) | | |
| **RUSTY LONZA, CLAIBORNE** | ) | | |
| **COUNTY, SOUTHERN HEALTH** | ) | | |
| **PARTNERS, JOHN WILSON, JANET** | ) | | |
| **VENABLE, and BOBBY BROOKS,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM & ORDER

Plaintiff, a former inmate in the Claiborne County Jail who is now in the Scott County Jail, has filed a pro se amended complaint for violation of 42 U.S.C. § 1983 setting forth claims alleging that his legal mail was destroyed and he was denied medical care in the Claiborne County Jail [Doc. 7]. For the reasons set forth below, this action will only proceed as to Plaintiff's claims that (1) Defendants Nurse Lonza, Claiborne County, and Southern Health Partners failed to provide him with adequate medical care in the Claiborne County Jail and (2) Defendants Venable and/or Wilson threw away a legal motion that Plaintiff provided to Defendant Wilson for filing.

### I.      SCREENING STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language

in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.    COMPLAINT ALLEGATIONS

First, Plaintiff alleges that a fellow inmate found his motion to dismiss state court criminal cases against him that he had given to Defendant Wilson, and which Defendant Wilson stated he passed along to Defendant Venable, in the trash several weeks after Plaintiff had given the motion to Defendant Wilson for filing, and that the clerk of the court handling those criminal cases stated that the court never received them [Doc. 7 p. 4–5]. Plaintiff states that this "directly affected" those cases and that Defendant Sheriff Brooks is also liable for this incident [*Id.*].

Plaintiff also claims that he suffers from several medical issues for which he sought medical care from Nurse Lonza and others in the Claiborne County Jail but was told that they could not provide him any medical treatment for those issues [*Id.* at 6–8].

Plaintiff has sued Sheriff Brooks, Officer Wilson, Captain Venable, Claiborne County, the Claiborne County Jail, Southern Health Partners, and Nurse Lonza [*Id.* at 1]. As relief, Plaintiff seeks monetary damages [*Id.* at 9].

### A.  Analysis

First, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Sheriff Brooks was personally involved in any violation of his constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege

2

that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant and he will be **DISMISSED**.

Also, Claiborne County Jail is not a suable entity under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Accordingly, this Defendant also will be **DISMISSED**.

However, liberally construing Plaintiff's allegations regarding his pursuit of medical care in the Claiborne County Jail in favor of Plaintiff, it appears that he alleges that Claiborne County and/or Southern Health Partners have a custom or policy of not treating the prisoners in the Claiborne County Jail for the serious medical issues from which Plaintiff suffers, and that Defendant Nurse Lonza therefore failed provide Plaintiff with medical care for those issues. Thus, these allegations allow the Court to plausibly infer that Defendants Lonza, Claiborne County, and Southern Health Partners have violated Plaintiff's Eighth Amendment rights and this claim will proceed herein. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (providing that medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that a private corporation acting under color of state law may be liable only where its custom or policy caused a constitutional violation) (citing *Monell*, 436 U.S. at 691).

Also, liberally construing Plaintiff's complaint in his favor, he appears to allege that Defendants Venable and/or Wilson threw away a legal motion that he gave to Defendant Wilson for filing with the state criminal court. As the Court can plausibly infer that this act may have violated Plaintiff's rights under the First Amendment, *see Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (providing that interference with legal mail may amount to censorship and/or denial of access to courts), this claim will proceed herein.

## III.    CONCLUSION

For the reasons set forth above:

1.  Even liberally construing the complaint in Plaintiff's favor, only Plaintiff's claims that (1) Defendants Lonza, Claiborne County, and Southern Health Partners have violated his Eighth Amendment rights by denying him adequate medical care and (2) Defendants Wilson and/or Venable threw away legal motions he asked them to file on his behalf state a claim upon which relief may be granted under § 1983 and these claims will therefore proceed herein;

2.  All other claims and Defendants are **DISMISSED**;

3.  The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Venable, Wilson, Lonza, Claiborne County, and Southern Health Partners. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

4.  Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

5.  Plaintiff is forewarned that if he does not timely return the completed service packets, the Court will dismiss this action;

6.  Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, this failure may result in entry of judgment by default against it;

4

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R** :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**