# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TERRY EDWARD ELLISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-CV-182-CEA-DCP ) |
| RUSTY LONZA, CLAIBORNE COUNTY, SOUTHERN HEALTH PARTNERS, JOHN WILSON, and JANET VENABLE, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court is the motion for summary judgment [Doc. 30] of Defendants Claiborne County, John Wilson, and Janet Venable (the "Claiborne County Defendants"), Plaintiff's motions to amend his complaint [Docs. 28, 34], and Plaintiff's motion to quash Defendant Venable's affidavit [Doc. 35]. The Claiborne County Defendants responded in opposition to Plaintiff's motions to amend [Docs. 29, 37] and motion to quash [Doc. 38], and Plaintiff responded in opposition to the motion for summary judgment [Doc. 35]. For the reasons set forth below, Plaintiff's motions to amend his complaint [Doc. 28, 34] and to quash Defendant Venable's affidavit [Doc. 35] will be **DENIED**, and the Claiborne County Defendants' motion for summary judgment [Doc. 30] will be **GRANTED**.

I.     COMPLAINT ALLEGATIONS

Plaintiff, a former inmate in the Claiborne County Jail, alleges that Defendant Claiborne County and medical providers in the Claiborne County Jail violated his constitutional rights by failing to treat his serious medical issues, including neurological back and leg pain, paralysis, bone

spurs, and a deteriorating and bulging disc. [Doc. 7 p. 6]. Plaintiff asserts that he informed Claiborne County Jail officers of his medical issues in December 2018 and filed grievances and made several medical requests thereafter, but the responses to his medical requests indicated that the providers could not provide him treatment. [*Id.*]. According to Plaintiff, the failure to treat his medical issues has led to pain, permanent nerve damage, and a loss of mobility. [*Id.*].

Plaintiff also alleges that Defendants Wilson and Venable, officers for the Claiborne County Jail, violated his constitutional rights by throwing away his legal motions. [*Id.* at 4]. Specifically, according to Plaintiff, on February 26, 2019, he provided Defendant Wilson with motions to dismiss cases against him in the Claiborne County Criminal Court, and Defendant Wilson gave them to Defendant Venable. [*Id.*]. However, an inmate found the motions "in the trash can below the control tower" several weeks later, and the Claiborne County Court Clerk did not receive them. [*Id.*].

## II. MOTIONS TO AMEND COMPLAINT

As set forth above, Plaintiff has filed two motions to amend his complaint. [Doc. 28, 34]. However, these motions do not comply with the Court's Local Rule, as Plaintiff did not file a complete proposed amended complaint with either motion. *See* E.D. Tenn. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

But even if Plaintiff had filed proposed amended complaints with his motions to amend, the Court would not grant those motions. Plaintiff did not file either motion within twenty-one days after any Defendant filed an answer [Docs. 19, 20, 21] or a motion to dismiss under Rule

2

12(b), (e), or (f), and the Claiborne County Defendants oppose amendment [Docs. 29, 37]. Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). A court should deny a motion to amend if it is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A proposed amendment is futile if it would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

In his first motion to amend his complaint, Plaintiff claims that he was transported to Claiborne County Justice Center on October 26, 2020, but no one took him inside the court and an officer refused his request to speak to his attorney. [Doc. 28 p. 1]. According to Plaintiff, this incident was the result of Defendant Claiborne County's custom of denying prisoners access to the courts and amounted to retaliation, harassment, and denial of access to the courts on the part of Defendant Claiborne County and its officers. [*Id.* at 1–2]. In his second motion to amend his complaint, Plaintiff claims that on December 7, 2020, Defendant Claiborne County transported him to court even though there was no "transport order" and court was held virtually on Zoom that day due to the pandemic, which created a risk to his health and was an attempt to retaliate against and harass him. [Doc. 34 p. 1–2].

First, to the extent Plaintiff seeks to add claims against Defendant Claiborne County, these allegations do not allow the Court to plausibly infer that the incidents resulted from a custom or

3

policy of Claiborne County, as required for the municipality to be liable under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for a constitutional deprivation only if a policy or custom of the municipality caused the constitutional violation). Specifically, nothing in Plaintiff's second motion to amend his complaint suggests that the incident therein resulted from any Claiborne County custom or policy. While Plaintiff alleges the County's custom of denying prisoners access to the courts caused the incident underlying his first motion to amend his complaint, Plaintiff does not provide any facts to support this assertion, and formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, as Plaintiff admits he was represented by counsel at the time of this incident, his claim for denial of access to courts based on this incident is not cognizable. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (providing that once a prisoner has appointed counsel, the state has fulfilled its constitutional obligation to provide full access to courts). Thus, allowing Plaintiff to amend his complaint to assert the claims in his motions to amend against Claiborne County would be futile, as such claims would not survive a motion to dismiss.

Further, the incidents in Plaintiff's motions to amend do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as those underlying the claims in Plaintiff's amended complaint. Thus, to the extent that Plaintiff seeks to add claims against new defendants in these motions, those claims are not properly joined. Federal Rule of Civil Procedure 20(a)(2) provides that persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a);

4

*see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit).

Accordingly, Plaintiff's motions to amend his complaint [Docs. 28, 34] will be **DENIED**.

### III. MOTION TO QUASH

Plaintiff has filed a motion to quash Defendant Venable's affidavit in support of the Claiborne County Defendants' motion for summary judgment [Doc. 35], and the Claiborne County Defendants responded in opposition. [Doc. 38]. Plaintiff's only support for his request to quash or not consider the affidavit is that he disputes its contents based on a document he filed in support of his opposition to summary judgment. [*Id.* at 1–2]. This is not a reason for the Court to quash or not consider the affidavit, but rather an argument in opposition to the motion for summary judgment which, for the reasons set forth below, has no merit. Accordingly, this motion [*Id.*] will be **DENIED**.

### IV. SUMMARY JUDGMENT

The Claiborne County Defendants have filed a motion for summary judgment. [Doc. 30]. In support thereof, they filed a statement of undisputed facts [Doc. 31], a memorandum [Doc. 32], two affidavits [Docs. 32-1, 32-2], and documents relating to Plaintiff's appointment of counsel and hearings in a criminal case [Docs. 32-3, 32-4]. Plaintiff responded in opposition to this motion [Doc. 33], and filed documents in support of his response [Docs. 33-1].

The Claiborne County Defendants assert that Defendants Venable and Wilson are entitled to summary judgment for Plaintiff's claim against them based on qualified immunity [Doc. 32 p. 3–6], and that Defendant Claiborne County is entitled to summary judgment because Plaintiff

5

cannot establish that its custom or policy caused any denial of medical care to him [*Id.* at 6–11].[1] For the reasons set forth below, this motion [Doc. 30] will be **GRANTED**.

### A. Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a party to establish that it is entitled to summary judgment, it must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a genuine dispute as to a material fact exists. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the

---

[1] The Claiborne County Defendants also say they are entitled to summary judgment based on Plaintiff's failure to exhaust available administrative remedies for his claims. [Doc. 31 p. 11–12]. However, they do not provide any proof of the requirements for exhaustion in the Claiborne County Jail or facts about available remedies that Plaintiff did not exhaust to support this conclusory argument, such that Court could grant summary judgment on this ground. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) ("There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution."). Regardless, as the Claiborne County Defendants have established that they are entitled to summary judgment based on other grounds as set forth more fully herein, the Court will not reach the merits of this argument.

nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. The nonmoving party must come forward with proof to support each element of his claim, and cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan*, 497 U.S. at 888, or by a mere "scintilla" of evidence, *Anderson*, 477 U.S. at 252. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, such that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Mail Interference Claim

The Claiborne County Defendants first claim that Defendants Wilson and Venable are entitled to qualified immunity because Plaintiff is unable to establish that they denied him access to the courts in violation of the First Amendment. "In order to state a claim for denial of meaningful access to the courts, a plaintiff must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). However, where a plaintiff is represented by counsel, his right to access the courts is fully protected. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

7

person would have known.'" *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). If the defense of qualified immunity is asserted, the plaintiff bears the burden of showing it does not apply. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). To make this showing, the plaintiff must produce "sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights." *Andrews v. Hickman County*, 700 F.3d 845, 853 (6th Cir. 2012).

Plaintiff asserts that he provided legal motions for filing in his criminal case to Defendant Wilson on February 26, 2019, and that Defendants Wilson and Venable attempted to destroy them or prevent the criminal court from receiving them. [Doc. 7 pg. 4]. The Claiborne County Defendants assert that Plaintiff is unable to establish that Defendants Wilson and Venable interfered with these documents. They present sworn proof that on February 26, 2019, Defendant Wilson gave Plaintiff's motions to Defendant Venable, who passed them along to the mailroom and never saw them again. [Doc. 32 pg. 5–6].

Even accepting the allegations of Plaintiff's sworn complaint as true, those allegations do not materially contradict Defendant Venable's affidavit. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment). Plaintiff states only that on February 26, 2019, he gave the legal motions to Defendant Wilson, who passed them along to Defendant Venable, and another inmate later found the documents in the trash. [Doc. 7 p. 4]. In his amended complaint, Plaintiff makes a conclusory statement that Venable and Wilson attempted to destroy his documents, but he offers no supporting facts or proof. [*Id.*; Docs. 33, 35].

Plaintiff also points to a letter from the Claiborne County Court Clerk indicating that she did not receive the relevant motions. He claims this letter is proof that Defendant Venable's

8

statement that she gave the motions to mailroom staff is false. [Docs. 33, 35]. That argument is unpersuasive, as the fact that Plaintiff's motions did not reach their destination is not proof that any Defendant attempted to destroy them, or otherwise violated Plaintiff's constitutional rights. Further, the letter from the Claiborne County Court Clerk is unsworn [Doc. 33-1 p. 1], as are Plaintiff's filings in response to the motion for summary judgment [Docs. 33, 35], and therefore the Court cannot consider the statements therein as proof for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on a motion for summary judgment).

Viewed in the light most favorable to Plaintiff, the sworn allegations in the record establish that on February 26, 2019, Plaintiff gave legal motions to Defendant Wilson, who gave them to Defendant Venable, who gave them to the mailroom staff and never saw them again, but those filings did not reach the Claiborne County Court Clerk, and another inmate found them in a trash can several weeks later. [Doc. 7 p. 4; Doc. 32-1]. None of these allegations amount to proof from which a reasonable juror could find that Defendant Wilson or Defendant Venable was personally involved in any attempt to destroy Plaintiff's legal motions by placing them in the trash, or otherwise violated Plaintiff's constitutional rights. *Johnson v. Hoffner*, No. 17-2102, 2018 WL 4488737, at *2 (6th Cir. 2018) (providing that "[t]o survive summary judgment on those claims, [the plaintiff] had to show that there was a genuine dispute about whether [the defendants] were personally involved in the" violation of his constitutional rights (citing *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)).

Moreover, the Claiborne County Defendants have also established that the fact that Plaintiff's February 26, 2019 legal motions did not reach the Claiborne County Court Clerk did

not prejudice him. In his sworn amended complaint, Plaintiff claims that the fact that these motions did not reach the Claiborne County Court Clerk "directly affected [his] current ongoing legal cases." [Doc. 7 p. 4]. But he provides no facts or evidence to support this conclusory statement. [*Id.*]. Also, the record shows that Plaintiff appeared in court and was represented by counsel during the relevant time period. [Docs. 32-2, 32-3, 32-4]. Thus, no reasonable juror could find that Plaintiff suffered any prejudice from the alleged interference with his February 26, 2019 motions.

Accordingly, Defendants Venable and Wilson are entitled to summary judgment.

### C. Municipal Liability

Next, Claiborne County asserts it is entitled to summary judgment because Plaintiff is unable to establish that a custom or policy of the municipality was the moving force behind the alleged deliberate indifference to his medical needs in violation of the Eighth Amendment. As set forth above, a municipality or other local governmental entity is a "person" that may be liable for depriving a plaintiff of federal rights in violation of § 1983, but such liability only attaches where the municipality's policy or custom causes the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, a municipality cannot be liable under § 1983 based on the theory of respondeat superior. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Also, a person does not violate a prisoner's civil rights by deferring medical matters to a medical professional. *Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009).

Plaintiff does not plead that Claiborne County had a custom or policy that resulted in the denial of medical care to him. He claims only that he made officers at the jail and the head nurse of Southern Health Partners aware of his conditions and filed grievances based thereon. [Doc. 7 p. 6]. Even if the Court assumes that Claiborne County Jail officials knew of Plaintiff's grievances and failed to remedy those complaints, this does not establish that any custom or policy of

10

Case 3:19-cv-00182-CEA-DCP   Document 39   Filed 04/05/21   Page 10 of 11   PageID #: 193

Claiborne County caused the denial of medical care such that a reasonable juror could find the municipality liable for that denial under § 1983. *Monell*, 436 U.S. at 691; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Moreover, Defendant Claiborne County has set forth sworn proof that it relies on its medical personnel for medical judgments, and therefore forwards all requests for medical care to them [Doc. 32-2 p. 2].

Thus, Claiborne County is entitled to summary judgment as a matter of law.

## V.     CONCLUSION

For the foregoing reasons:

1. Plaintiff's motions to amend the complaint [Docs. 28, 34] are **DENIED**;

2. Plaintiff's motion to quash Defendant Venable's affidavit [Doc. 35] is **DENIED**;

3. The Claiborne County Defendants' motion for summary judgment [Doc. 30] is **GRANTED**;

4. Defendants Claiborne County, John Wilson, and Janet Venable are **DISMISSED**; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE